UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR J. CLEMENS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-0257-AGF |
| | ) |
| RIVERFRONT TIMES, EBERENZ | ) |
| ENTERPRISES, and JOHN DOES 1 and 2, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Arthur J. Clemens, Jr., for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The Notice of Removal**

Plaintiff has filed "Notice of Removal" seeking to remove a state court eviction and loss of personal property proceeding to this Court.

**Discussion**

Plaintiff's attempt to remove the state court eviction and loss of personal property proceeding to this Court should be denied and the action remanded back to the state court.

Plaintiff seeks to remove this cause of action from the Twenty-First Judicial Circuit (St. Louis County) for the State of Missouri to the United States District Court for the Eastern District of Missouri. However, the removal procedure is expressly limited to a defendant or defendants. *See, e.g.,* 28 U.S.C. §§ 1441(a), 1442, 1442a, 1443, 1444 and 1446(a), (b). These provisions provide no right to plaintiff to remove his action from the state forum in which he chose to bring it. *See Chicago R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 580 (1954) (holding that plaintiff may not remove pursuant to 28 U.S.C. § 1441(a)); *see also Conner v. Salzinger,* 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statute confined the right of removal from a state court to a federal district court to *a defendant or defendants.*") (emphasis in the original) (citations omitted).

Moreover, even if the matter were removable, this Court lacks subject matter

2

jurisdiction over this case. Because both plaintiff and all defendants appear to be citizens of Missouri, no jurisdiction exists under 28 U.S.C. § 1332. Plaintiff attempts to establish federal question jurisdiction, under 28 U.S.C. § 1331, by alleging violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, et seq. However, in order to state a claim under RICO, plaintiff must, at a minimum, plead facts that demonstrate the existence of a criminal enterprise affecting commerce and a pattern of racketeering activity consisting of two or more related predicate acts in which defendants participated. *See, e.g., H. J., Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 232-33, 237-38, 109 S.Ct. 2893, 2897, 2900 (1989). The facts alleged by plaintiff, that he was evicted from his apartment, that his personal property was removed from the apartment and that there were documents missing from the state court file, are insufficient to support a claim under RICO.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon this action because the action is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. 7] and motion for temporary restraining order [Doc. 9] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that this matter is remanded to the Twenty-First Judicial Circuit (St. Louis County) for the State of Missouri. *See* 28 U.S.C. § 1446(C)(4).

An appropriate order shall accompany this order and memorandum.

Dated this 24th day of February, 2006.

_____
**UNITED STATES DISTRICT JUDGE**