# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **ARTHUR J. CLEMENS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-0257-AGF |
| | ) | |
| **RIVERFRONT TIMES, EBERENZ** | ) | |
| **ENTERPRISES, JOHN DOE CRIMINAL** | ) | |
| **ENTERPRISE and JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon plaintiff's, Arthur J. Clemens, Jr.'s, motion for reconsideration [Doc. 12]. Clemens moves the Court to reconsider its Order of February 24, 2006, remanding this matter to the Twenty-First Judicial Circuit (St. Louis County) for the State of Missouri.

In support of said motion, Clemens states that the possibility that he might be able to establish the threat of continuing racketeering activity is sufficient to survive threshold review. Clemens asserts that his eviction from his apartment was "a robbery disguised as a landlord-tenant dispute" and should, consequently, be considered by the Court as a criminal act. Clemens further asserts that the alleged theft of documents at the St. Louis County courthouse constitutes a misdemeanor for purposes of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, et seq. Clemens states that, in its Order, the Court changed the name of one of the John Doe defendants from "John Doe Criminal Enterprise" to "John Doe 1." According to Clemens, this error is significant because he must allege the existence of a criminal enterprise. Additionally,

Clemens contends that he has previously removed a case as a plaintiff, and that he could dismiss his state court case and refile it here if the Court were not hostile to the case. Clemens questions the impartiality of the Court.

**Discussion**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp*. 839 F.2d 407, 414 (8th Cir. 1988) (*quoting Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir.1987). Motions to reconsider cannot be employed to tender new legal theories that could have been raised in the original motion. *Rothwell Cotton*, 827 F.2d at 251 (citation omitted).

Clemens's motion sets forth no manifest error of law or fact, nor does it present any newly discovered evidence. The circumstances cited by Clemens do not warrant the Court's reconsideration of its Order of February 24, 2006, which was carefully and completely considered at that time. That the Court identified the unknown defendant as "John Doe 1" rather than "John Doe Criminal Enterprise" is harmless because, no matter how styled, neither entity is amenable to suit. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994) (fictitious parties may not be named as defendants in a civil action); *see also Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Clemens questions the impartiality and independence of this Court and makes baseless allegations regarding criminal or political interference, extortion and intimidation. It is well-settled that adverse rulings during the course of proceedings are not, by themselves, sufficient to establish bias or prejudice which will disqualify the presiding judge. *See Stocker v.* Stracke, 162 F.3d 1165,

*1 (Table) (8th Cir. 1998); *Von Kahl v. U. S.,* 242 F.3d 783, 793 (8th Cir. 2001) (*citing Liteky v. U. S.*, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)); *Bannister v. Delo,* 100 F.3d 610, 614 (8th Cir.1996) (district judges are presumed impartial and movant bears substantial burden of proving otherwise), *cert. denied*, 521 U.S. 1126, 117 S.Ct. 2526 (1997); *In re Mann*, 229 F.3d 657, 658 (7th Cir.2000) (district judge is not disqualified merely because litigant files complaint alleging judicial misconduct; if that were rule, litigants could manipulate system by filing frivolous complaints in hopes of being assigned judge more sympathetic to their cause)). Clemens's claim that the Court is not impartial, which is both unsupported and conclusory, does not entitle him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. 12] be **DENIED.**

Dated this 10th day of March, 2006.

_____
**UNITED STATES DISTRICT JUDGE**